# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Rahmad Norman,** | ) Civil Action No. 8:12-3023-TMC-BM |
| Plaintiff, | ) |
| | ) |
| v. | ) **REPORT AND RECOMMENDATION** |
| | ) |
| **Capt. David Price and Capt. Davenport,** | ) |
| **Greenwood City Police Department,** | ) |
| | ) |
| Defendants. | ) |

The <u>pro</u> <u>se</u> Plaintiff brought this action seeking relief pursuant to Title 42, United States Code, Section 1983. At the time this action was filed, Plaintiff was an inmate at the Greenwood County Detention Center.

On September 3, 2013, the Defendants filed a motion to dismiss or for summary judgment. As the Plaintiff is proceeding <u>pro</u> <u>se</u>, a <u>Roseboro</u> Order was entered by the Court on September 6, 2013, advising Plaintiff of the importance of a dispositive motion and of the need for him to file an adequate response. Plaintiff was specifically advised in that Order that if he failed to file a properly supported response, the Defendants' motion may be granted, thereby ending his case. However, Plaintiff's copy of the Court's Order was returned to the Clerk of Court on September 18, 2012, with the envelope being marked "Return to sender, attempted - not known, unable to forward".[1]

_____

[1]This Court can also take judicial notice that in another one of Plaintiff's pending cases, <u>Norman v. Osbourne</u>, Civil Action No. 8:13-1242, the Court has received notice that Plaintiff has



1

The Court notes that when Plaintiff filed this action, he was specifically instructed as follows:

> You are ordered to always keep the Clerk of Court advised **in writing...**if your address changes for any reason, so as to assure that orders or other matters that specify deadlines for you to meet will be received by you.  If as a result of your failure to comply with this order, you fail to meet a deadline set by this Court, **your case may be dismissed for violating this order**.  Therefore, if you have a change of address before this case has ended, you must comply with this order by immediately advising the Clerk of Court in writing of such change of address....**Your failure to do so will not be excused by the Court.** (emphasis added)

<u>See</u> Order filed November 8, 2012.

Plaintiff has failed to comply with this order, and as a result neither the Court nor the Defendants have any means of contacting him concerning his case, nor has Plaintiff filed a response to the motion for summary judgment despite expiration of the applicable deadlines.[2]

Based on the foregoing, the undersigned finds that Plaintiff meets all of the criteria for dismissal under <u>Chandler Leasing Corp. V. Lopez</u>, 669 F.2d 929 (4th Cir. 1982).[3]  Accordingly, it is recommended that this action be dismissed with prejudice for lack of prosecution. See <u>Davis v. Williams</u>, 588 F.2d 69, 70 (4th Cir. 1978); Rule 41(b), Fed.R.Civ.P.

**The Clerk shall mail this Report and Recommendation to Plaintiff at his last**

---

been released from the Detention Center.  <u>See</u> Court Docket No. 38 in Civil Action No. 8:13-1242.  <u>See</u> <u>also</u> <u>Aloe Creme Laboratories, Inc. v. Francine Co.</u>, 425 F.2d 1295, 1296 (5th Cir. 1970)[a federal court may take judicial notice of the contents of its own records].

[2]The Clerk's office re-mailed the <u>Roseboro</u> order to an address contained on an envelope received from the Plaintiff.  <u>See</u> Court Docket Nos. 33 and 41.  That mailing has not been returned.  However, no response has been filed to the motion for summary judgment.

[3]He is personally responsible for proceeding in a dilatory fashion, the Defendants are suffering prejudice due to having to expend time and resources on a case in which the Plaintiff is unresponsive, and no sanctions other than dismissal appear to exist as the Plaintiff is indigent (and therefore not subject to monetary sanctions) and he has otherwise failed to respond to Court filings despite Court orders requiring him to do so.  <u>Lopez</u>, 669 F.2d at 920.



**known address. If the Plaintiff notifies the Court within the time set forth for filing objections to this Report and Recommendation that he wishes to continue with this case and provides a response to the motion for summary judgment, the Clerk is directed to vacate this Report and Recommendation and return this file to the undersigned for further handling.** If, however, no objections are filed, the Clerk shall forward this Report and Recommendation to the District Judge for disposition. Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989), cert. denied sub nom, Ballard v. Volunteers of America, 493 U.S. 1084 (1990) [Magistrate Judge's prior explicit warning that a recommendation of dismissal would result from plaintiff failing to obey his order was proper grounds for the district court to dismiss suit when plaintiff did not comply despite warning].[4]

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

October 24, 2013
Charleston, South Carolina

---

[4]After a litigant has received one explicit warning as to the consequences of failing to timely comply with an order of a Magistrate Judge, and has failed to respond to that order, the district court may, under Fed.R.Civ.P. 41(b), dismiss the complaint based upon the litigant's failure to comply with that court order. See Simpson v. Welch, 900 F.2d 33, 35-36 (4th Cir.1990); see also Ballard, 882 F.2d at 95-96 (holding that district court's dismissal following an explicit and reasonable warning was not an abuse of discretion).

3



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

